# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLOVER TECHNOLOGIES GROUP, LLC, *et al.*,[1] | ) Case No. 19-12680 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket Nos. 4, 5, 6 |

**ORDER (I) SCHEDULING A COMBINED
DISCLOSURE STATEMENT APPROVAL AND PLAN
CONFIRMATION HEARING, (II) APPROVING THE SOLICITATION
PROCEDURES AND DATES, DEADLINES, AND NOTICES RELATED
THERETO, (III) DIRECTING THAT A MEETING OF CREDITORS NOT
BE CONVENED, AND (IV) WAIVING THE REQUIREMENTS TO FILE STATEMENTS
OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Combined Hearing to consider approval of the adequacy of the Debtors' Disclosure Statement and confirmation of the Plan, (b) establishing the Confirmation Objection Deadline and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the form and manner of the Combined Hearing Notice, and (e) conditionally, if the Plan is confirmed within 75 days of the Petition Date, (i) directing that the U.S. Trustee not convene the Creditors' Meeting and (ii) waiving the requirements to file Schedules and SOFAs, as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Clover Technologies Group, LLC (9236); 4L Holdings Corporation (0292); 4L Technologies Inc. (5035); Clover Ithaca Properties, LLC (9236); Refurb Holdings, LLC (1230); Clover Wireless, LLC (0313); and Valu Tech Outsourcing, LLC (3563). The location of the Debtors' service address in these chapter 11 cases is: 5850 Granite Parkway, Suite 720, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The Confirmation Schedule is hereby approved.

3. The Combined Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on January 22, 2020, at 10:00 a.m., prevailing Eastern Time.

4. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan shall be filed on or before January 15, 2020, at 5:00 p.m., prevailing Eastern Time.

5.  Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before January 17, 2020, at 4:00 p.m., prevailing Eastern Time. To the extent applicable, the Local Rule 9006-1 is hereby waived in its entirety.

6.  Any objections to the Disclosure Statement or confirmation of the Plan or to the Debtors' proposed assumption of Executory Contracts and Unexpired Leases must:

    a.  be in writing;

    b.  comply with the Bankruptcy Rules and the Local Rules;

    c.  state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity;

    d.  state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

    e.  be filed with this Court with proof of service thereof and served upon the Notice Parties (as defined in the Combined Hearing Notice) so as to be actually received by the Confirmation Objection Deadline.

7.  Any objections not satisfying the requirements of this Order may not be considered and may be overruled.

8.  Pursuant to sections 1125 and 1126 of the Bankruptcy Code and applicable nonbankruptcy law, the Debtors are authorized to continue their prepetition solicitation in respect of the Plan, commenced on December 13, 2019, after the Petition Date. To the extent the Debtors received any acceptances or rejections prior to the Petition Date, the Debtors may count such Ballots.

9.  To the extent that section 1125(b) of the Bankruptcy Code requires that the Debtors' prepetition solicitation of acceptances for the Plan requires an approved disclosure statement to continue on a postpetition basis, the Court conditionally approves the Disclosure Statement as

KE 65689756

having adequate information as required by section 1125 of the Bankruptcy Code, without prejudice to any party in interest objecting to the Disclosure Statement at the Combined Hearing.

10. The form of the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

11. The Debtors are authorized to cause the Publication Notice to be published in the *Wall Street Journal* and the *Chicago Tribune* within five (5) business days following entry of this Order, or as soon as reasonably practicable thereafter, and to make reasonable payments required for such publication. The Publication Notice, together with the Notice provided for in the Motion, is deemed to be sufficient and appropriate under the circumstances.

12. The Voting Record Date of December 13, 2019, and the Voting Deadline of January 15, 2020, at 11:59 p.m., prevailing Eastern Time, are approved.

13. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

14. The Ballots, substantially in the form attached hereto as **Exhibits 3-A** and **3-B**, are approved.

15. The procedures used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved.

16. The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests that are (a) Unimpaired and conclusively presumed to accept the

Plan or (b) Impaired and deemed to reject the Plan, but shall do so upon request from such Holders of Claims or Interests.

17.     The U.S. Trustee need not and shall not convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within 75 days of the Petition Date; *provided* that such date may be further extended without further motion by the Debtors and upon further order from the Court submitted on certification of counsel filed on the docket and served on the Notice Parties, with prior notice to the U.S. Trustee and any official committee appointed in these chapter 11 cases, if any, (which notice may be by email); *provided*, *further*, that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors, the U.S. Trustee, and any committee appointed in these cases, if any, are unable to reach agreement pursuant to the preceding proviso).

18.     Cause exists to waive the requirement that the Debtors file the Schedules and SOFAs if the Plan is confirmed within 75 days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided* that such deadline to file the Schedules and SOFAs may be further extended without further motion by the Debtors upon further order from the Court submitted on certification of counsel filed on the docket and served on the Notice Parties with prior notice to the U.S. Trustee and any official committee appointed in these cases, if any, (which notice may be by email); *provided*, *further*, that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors, the U.S. Trustee, and any committee appointed in these cases, if any, are unable to reach agreement pursuant to the preceding proviso).

19.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any

prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

20. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 19th, 2019
Wilmington, Delaware

*Ka B. O⎯*
**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

KE 65689756